JOHNSON, Chief Justice.
11 Louisiana Machinery Company, L.L.C. and Louisiana Machinery Rentals, L.L.C. (collectively “the Companies”), Louisiana’s exclusive Caterpillar franchise dealers, sold, leased, and/or repaired Caterpillar equipment and machinery in parishes throughout Louisiana. Following a multi-parish audit, the taxing authorities from numerous parishes began tax collection proceedings against the Companies, alleging they incorrectly failed to charge and collect sales and use taxes from their customers on their taxable sales, leases, and/or repairs for certain tax periods, and that the Companies were liable for these taxes, penalties, and interest under the provisions of the Uniform Local Sales Tax Code (“ULSTC”).[1]
In these cases, the tax collector for Ca-tahoula Parish obtained partial summary | judgments in the district court, declaring that the tax assessments it issued to the *1067 Companies are final and the executory judgments of the court and could not be challenged by the Companies. The Companies appealed to the Third Circuit, which reversed the grants of partial summary judgment based on the deficiency of the notices of assessment and the lack of sufficient evidence to support the summary judgments.[2]
From this adverse ruling, the tax collector applied for supervisory review to this court.[3] We granted the tax collector’s writ application and consolidated the cases for argument with nearly identical eases emanating from the First Circuit, wherein that court affirmed the district court’s grants of summary judgment.[4] We granted certio-rari to resolve this split in the circuits.[5] For the reasons set forth below, we affirm the ruling of the court of appeal in this case.
FACTS AND PROCEDURAL HISTORY
The Concordia Parish School Board (“Collector”) is the designated tax collector for the Catahoula Parish School Board and the Catahoula Parish Police Jury. A tax audit of the Companies revealed deficiencies for the period December 1, 2000, through June 30, 2007. On November 24, 2009, the Collector began the collection process by sending each of the Companies a notice of intent to assess additional taxes, penalties, and interest in accordance with La. R.S. 47:337.48(B).[6] The | sCompanies did not protest this notice, as provided for by La. R.S. 47:337.49.[7]
The Collector then formally assessed the taxes and issued each of the Companies a formal Notice of Assessment on December 24, 2009, pursuant to La. R.S. 47:337.51.[8] The Companies did not formally respond *1068 to the asséssments, but instead provided additional tax records to the auditors. The Collector reviewed the |4additional audit documentation and subsequently affirmed its findings. On February 22, 2010, the Collector issued a second formal Notice of Assessment-Extension (“first revised notices of assessments”) to the Companies pursuant to La. R.S. 47:337.51. The first revised notices of assessments gave the Companies additional time to formally respond, but the Companies did not do so. The Companies again submitted additional records to the auditors. After the auditors reviewed this newly supplied information, the assessments were substantially reduced. On April 26, 2010, the Collector issued a third formal Notice of Assessment-Extension (“second revised notices of assessments”) to each of the Companies. The notices provided, in relevant part (emphasis in original):
NOTICE: As provided in LA R.S. 47:337.51 B, if you wish to protest, you have thirty (30) days from the date hereof to file with this office a written protest, signed by you or your duly authorized agent, which shall be under oath, fully disclosing the reasons therefor, and request a hearing.
If you do not timely file a written protest and request a hearing, you have sixty (60) calendar days from the date hereof to:
1) Pay the amount set forth herein above,
2) Pay the total amount set forth herein above under protest as provided in LA R.S. 47:337.63 and file suit for recovery within thirty (30) days of payment, or
3) Within thirty (30) days of receipt of this Notice of Assessment, file suit in any state court of competent jurisdiction contesting the final assessment, and in connection therewith, post a commercial bond or other security as provided in LA R.S. 47:337.64 in accordance with the procedures set forth therein.
Do not disregard this notice, failure to act within the time or manner provided will result in the assessment becoming final and enforceable by warrant for distraint. Additional penalties, interest and collection fees may be assessed at that time.
[[Image here]]
*1069 IMPORTANT: The collector may, in his discretion, proceed to enforce the collection of any taxes due by means of any of the following | ^remedies or procedures: (1) Assessment and distraint, as provided by R.S. 47:337.48 through 337.60, (2) Summary court proceeding, as provided in R.S. 47:337.61, (3) Ordinary suit under provisions of the general laws regulating actions for the enforcement of obligations, (4) Rule to cease business as provided in R.S. 47:337.33. The Collector by issuing this Notice does not waive the right to assert such other remedies.
The Companies did not respond to the second revised notices of assessments. On September 27, 2010, the Collector filed in the district court a Rule for Payment of Sales Tax against each Company as summary proceedings pursuant to local ordinances. The petitions asserted the Companies had failed to pay certain taxes and the Collector was entitled to payment of taxes, penalties, interest, and attorney fees. In response, the Companies filed exceptions, affirmative defenses, and answers.- On October 4, 2011, the Collector filed a Supplemental and Amending Petition for Rule to Show Cause in Summary Sales and Use Tax Proceeding against each of the Companies. The Collector amended its original petitions to allege the proceedings were also brought under the provisions of La. R.S. 47:337.33[9] and La. R.S. 47:337.61.[10] The Collector alleged in detail the assessment procedures it followed, specifically asserting that the second revised notices of assessments were issued in accordance with all statutory requirements and because the Companies did not timely respond, the assessments were now final and an established liability equivalent to | judgments against the Companies. In addition to claiming the taxes due plus interest, the Collector sought-injunctions pursuant to La. R.S. 47:337.33, enjoining the Companies from conducting business in the parish until payment was made in full, and further sought recognition of liens and privileges on the Companies’ property pursuant to La. R.S. 47:337.65.[11] The Companies filed excep *1070 tions, defenses, and answers to the supplemental and amending petitions, specifically asserting the notices of assessments did not comply with the requirements of La. R.S. 47:337.51 (A), and were therefore not final and enforceable.
The Collector subsequently filed motions for partial summary judgment, seeking a declaration that the second revised notices of assessments are final and the executory judgments of the court. Supported by the affidavit of Thomas H. O’Neal, Sales Tax Director for the Collector, the Collector argued that the uncontested material facts set forth in its supplemental and amending petitions entitled it to partial summary judgments. The Companies opposed the motions, arguing there were numerous disputed facts that precluded the entry of summary judgments. The Companies asserted the audits and subsequent assessments were fraught with errors and the Collector’s petitions were inadequate. The Companies further challenged the adequacy of Mr. O’Neal’s affidavit which was made “to the best of his knowledge and belief’ pursuant to La. R.S. 47:337.61(4),[12] rather than following the more 17stringent requirements for affidavits in summary judgment procedures pursuant to La. C.C.P. art. 966, et seq.[13]
On January 5, 2012, the district court held a hearing on the motions for partial summary judgment. Based upon its determination that the second revised notices of assessments were sufficient, the district court granted partial summary judgment against each Company declaring the second revised notices of assessment final and the executory judgments of the court. The district court held the Companies were precluded from attacking the notices and ruled the Companies’ exceptions were moot. The Companies appealed.
The Third Circuit reversed. The court found the notices of assessments were deficient and the assessments invalid due to the failure of the notices to state that the Companies had sixty days from the date of the notices to request a hearing, as required by La. R.S. 47:337.51(A). Because the court found the written notices did not comply with La. R.S. 47:337.51(A), the court held they did not have the preclusive and legal effect of denying the Companies the right to present their defenses in response to the Collector’s claims, even in a summary proceeding.
The court went on to note that despite the invalid notices and invalid assessments, the Collector was still entitled to pursue summary proceedings in accordance with La. R.S. 47:337.61. However, the court held the Collector’s alternative attempt to proceed with summary proceedings under La. R.S. 47:337.61 was “tainted and thwarted” by the district court’s refusal to *1071 allow the Companies to | ^present their defenses to the Collector’s claims, which La. R.S. 47:337.61(2)[14] specifically permits.
The court also found the district court erred in granting the Collector’s motions for partial summary judgment because the supporting affidavits were not based on personal knowledge, and genuine issues of material fact existed as to the amount of tax owed. Noting this matter came before the court in a summary judgment proceeding, the court reasoned that the affidavits, which were not based on personal knowledge, were inadmissible, and the grants of partial summary judgment improvident. The court concluded that should a summary judgment proceeding be implemented in summary proceedings under La. R.S. 47:337.61, the strict evidentiary requirements of a summary judgment proceeding must be followed. Thus, the court concluded that even assuming, arguendo, that the notices of assessments were satisfactory, the grants of summary judgment must be reversed as they were based on legally deficient affidavits and incompetent evidence.
We granted the Collector’s writ application following this adverse ruling from the Third Circuit.
DISCUSSION
This court applies a de novo standard of review in considering the lower courts’ rulings on summary judgment motions.[15] Thus, we use the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[16] A | ncourt must grant a motion for summary judgment “[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” [17] Further, our decision in these cases is premised in part on the proper interpretation of parts of the ULSTC. Such considerations are questions of law and reviewed by this court under a de novo standard of review.[18] After our review, we “render judgment on the record, without deference to the legal conclusions of the tribunals below. This court is the ultimate arbiter of the meaning of the laws of this state.”[19]
The ULSTC was enacted by the Legislature in 2003 for the primary purpose of “promoting uniformity to the extent possible in the assessment, collection, administration, and enforcement of the sales and use taxes imposed by taxing authorities and, by compiling them, making them readily available in one place in the revised statutes.”[20] The ULSTC provides several enforcement mechanisms to a tax collector. A collector has authority to “take a rule on a taxpayer,” requiring the *1072 taxpayer to show cause why “he should not be ordered to cease from further pursuit of his business for failure to pay to the taxing authority amounts collected from others by his business as sales and use tax.”[21] However, such rule may be taken • only for amounts due as a result of assessments or judgments which have become final and nonappealable.[22] This collection procedure is in addition to any other collection [ ^procedures provided by law.[23]
La. R.S. 47:337.45(A) provides alternative remedies or procedures that may be used by the tax collector: (1) assessment and distraint;[24] (2) summary court proceeding; [25] and (3j ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations. The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer is entitled will be only those which are not inconsistent with the proceeding initiated by the tax collector.[26] Taxpayers are entitled to proceed under the payment under protest procedure pursuant to La. R.S. 47:337.63 in every case unless an assessment for the tax in question has become final or a suit involving the same tax obligation is pending against him.[27] Additionally, the fact that the tax collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.[28]
Relevant to our discussion is the assessment and distraint procedure. If a taxpayer’s return does not correctly compute his tax liability, the collector can begin the assessment and distraint procedure by determining the tax and sending a notice to the taxpayer setting out his determination and informing the taxpayer of his purpose to assess the amount so determined after thirty days from the date of the notice.[29] A taxpayer may protest the proposed assessment within thirty days. The |T1protest must be in writing and fully disclose the reasons and substantiation. The collector is required to consider the protest and grant a hearing before making a final determination of tax, penalty and interest.[30] After the expiration of thirty days from the date of the notice, the collector shall proceed to assess the tax, penalty, and interest. This assessment must be evidenced by a writing setting forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due. The assessment may confirm or modify the collector’s originally proposed assessment.[31]
Having made the assessment, the collector must send a notice to the taxpayer pursuant to La. R.S. 47:337.51, which sets forth the applicable time periods and remedies for a taxpayer to protest or challenge the assessment. When a taxpayer fails to pay the amount assessed, the collector may proceed to enforce the collection by distraint and sale.[32]
*1073 In these cases, the Collector began the assessment and distraint procedure and issued notices of assessments pursuant to La. R.S. 47:337:51. However, rather than attempt to enforce collection by distraint and sale of the Companies’ property, the Collector chose to pursue summary proceedings pursuant to La. R.S. 47:337.61 based on the alleged finality of the assessments. La. R.S. 47:337.45(B) expressly gives the Collector discretion to enforce and collect sales taxes by summary proceeding, even if the Collector' initiated proceedings under the assessment and dis-traint procedure. Additionally, because the summary proceeding is a separate and independent remedy available to the Collector, the Collector is not required to issue an assessment prior |12to bringing the summary proceeding.[33] It logically follows that whether the notice of assessment satisfies the statutory requirements of La. R.S. 47:337.51 is generally irrelevant in a summary proceeding brought pursuant to La. R.S. 47:337.61. However, in these cases, the motions for summary judgment filed by the Collector in the summary proceedings were based solely on the Collector’s- assertions that it followed the statutory requirements of the assessment procedure, including providing sufficient notice pursuant to La. R.S. 47:337.51, and its assertions that because the Companies failed to respond to the notices of assessments, the assessments are final and equivalent to judgments against the Companies. Thus, based on the facts of this case, we are required to examine the notices of assessments and determine whether they were adequate.
The dispute in this writ application begins with the proper interpretation of La. R.S. 47:337.51. The function of statutory interpretation and the construction given to legislative acts rests with the judicial branch of the government. The rules of statutory construction are designed to ascertain and enforce the intent of the Legislature. Legislation is the solemn expression of legislative will, and, thus, the interpretation of legislation is primarily the search for the legislative intent. We have often noted the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the Legislature to enact the law. The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. However, when the language of the law is susceptible of different meanings, it must be interpreted as |13having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur, and the text of the law as a whole.[34] Further, the Legislature is presumed to act with full knowledge of well-settled principles of statutory construction.[35] With these principles in mind, we examine the statute.
At the time the assessment notices were sent, La. R.S. 47:337.51 provided, in pertinent part (emphasis added):
*1074 A. Having assessed the amount determined to be due, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer.... This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with R.S, 47:337.63.
B. If any dealer shall be aggrieved by any findings or assessment of the collector, he may, within thirty days of the receipt of notice of the assessment or finding, file a protest with the collector in writing, signed by himself or his duly authorized agent, which shall be under oath and shall set forth the reason therefor, and may request a hearing. Thereafter, the collector shall grant a hearing to said dealer, if a hearing has been requested, and may make any order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the taxing authority to collect the tax in any manner herein provided....
[[Image here]]
The Collector argues the Companies are “dealers,”[36] not “taxpayers,”[37] for 1 upurposes of this proceeding. According to the Collector, La. R.S. 47:337.51 contains different notice provisions for “taxpayers” and “dealers,” and the notices issued to the Companies notified them of the specific hearing remedy for “dealers” set forth in La. R.S. 47:337.51(B) (“Section B”). Further, the second revised notices of assessments actually exceeded the statutory notice requirements. The Collector points out that it sent three assessment notices to the, Companies, each of which contained identical information and notice of rights and remedies. Thus, it is absurd for the Companies to argue that adequate notice was not provided. According to the Collector, the record establishes that the three notices of assessments, taken together, provided the Companies with more notice and time to exercise more administrative protest and appeal rights than is required by that statute.
In opposition, the Companies argue the notices of assessments were not issued in accordance with statutory requirements. La. R.S. 47:337.51(A) (“Section A”) mandates that the notice advise the taxpayer that he has sixty days to request a hearing with the collector. Section B does not modify or supplement the notice required to be given under Section A. Section A provides the exclusive notice provision relating to the assessment of local sales and *1075 use taxes, and provides the exact and only mandatory notice that must be given to every “taxpayer,” even ones who can be further classified as “dealers,” when taxes have been assessed. Section B provides a separate written protest option to dealers who wish to protest any finding or assessment. The Companies assert the Collector’s notices failed to comply with Section A, and, thus, could not have the preclusive and legal effect of denying |1fithe Companies the right to present their defenses in response to the Collector’s claims.
We agree with the Companies’ position. There is no dispute the Collector properly sent the notices of assessments to the Companies at the proper addresses and that the Companies received the notices. The disputed issue is whether the notices provided the statutorily-required information. In Black v. St. Tammany Parish Hosp.,[38] this court stated:
Words and phrases must be read with their context and construed according to the common and approved usage of the language. The word “shall” is mandatory and the word “may” is permissive. Further, every word, sentence, or provision in a law is presumed to be intended to serve some useful purpose, that some effect is given to each such provision, and that no unnecessary words or provisions were employed. Consequently, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to and preserving all words can legitimately be found.
Breaking down the language of the statute, Section A provides that once a collector assesses the amount of tax determined to be due, “the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed.... ” Further, Section A provides that this notice “shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to ... request a hearing with the collector....” Given the clear and explicit language of the statute, the only conclusion is that Section A provides mandatory notice requirements that must be sent to all taxpayers against whom an assessment is imposed.
Despite the mandatory nature of this language, the Collector urges because the Companies are also dealers, the notice requirements are instead governed by Section B. Section B provides that “if any dealer shall be aggrieved by any findings or | ^assessment of the collector, he may, within thirty days of the receipt of notice of the assessment or finding, file a protest with the collector in writing ... and may request a hearing.” We do not find that Section B provides separate notice requirements for dealers. Notably, there is no separate assessment procedure for dealers. All taxpayers, including dealers, are assessed under the same procedural provisions of the ULSTC. Section B is not an alternative to Section A, nor does it contain specific provisions relative to notice. Had the Legislature not intended Section A to apply to dealers, it could have easily worded the statute to so provide. We read the language of Section B as providing additional rights and remedies to dealers who have additional duties and responsibilities as both the collector and remitter of taxes. Section B provides a separate protest procedure available to dealers who are aggrieved by any finding of a collector, not solely an assessment. These remedies can be utilized to protest findings a collector intends to enforce pro *1076 spectively. It is not limited to situations where taxes are due.
Section A requires the notice inform the taxpayer it has sixty calendar days from the date of the notice to (1) pay the amount of the assessment; (2) request a hearing with the collector; or (3) pay the amount under protest in accordance with La. R.S. 47:337.63. The notices in this case did advise the Companies they had sixty days to pay the amount of the assessment or pay the amount under protest. However, the notices failed to advise the Companies they had sixty days to request a hearing with the Collector. Rather, the notices advised the Companies that pursuant to La. R.S. 47:337.51(B), they had thirty days to file a written protest and request a hearing. Thus, because the notices failed to comply with the mandatory notice requirements of Section A, we find they were deficient. This court has referred to a final assessment as one that becomes due, collectible and enforceable by the Collector in h7any manner authorized by law.[39] The Collector’s failure in this case to adhere to the strict mandatory requirements of La. R.S. 47:337.51(A) prevented the assessments from becoming final. Therefore, the Companies are not barred from presenting their defenses in response to the Collector’s claims.
The Collector argues the validity of the notice is a defense presented by the Companies which should not be considered because the Companies did not timely and properly plead this defense in the district court, as required by La. R.S. 47:337.61(2). That statute requires all defenses be made at one time and filed in court prior to the time fixed for hearing. The Collector notes the Companies failed to raise this defense until more than a year after the summary proceedings were originally set for hearing. Conversely, the Companies assert the validity of the assessments is not a defense, but an essential legal element of the Collector’s claim. Moreover, the Companies argue their defenses were timely filed in response to the Collector’s supplemental and amending petitions.
As previously stated, the Collector’s motions for partial summary judgment were based solely on the alleged finality of the assessments. Supported by the affidavit of its sales tax director under the authority of La. R.S. 47:337.61(4), the Collector essentially asserted it had properly followed the assessment procedure and had issued notices to the Companies in compliance with La. R.S. 47:337.51. And, because the Companies failed to respond to the notices of assessments, the Collector asserted the assessments had become final and could no longer be disputed by the Companies. Because the Collector’s claims are premised on its assertions that the assessments were final and thus equivalent to judgments, which cannot be challenged by the Companies, we find the issue of the validity of the notices of assessments 1 ^constituted an essential element of the Collector’s claims rather than strictly a defense asserted by the Companies.
This court recently held that summary judgments are not precluded in summary proceedings.[40] Because we hold the assessments are not final, we must determine whether the Collector is entitled to partial summary judgments absent reliance on the assessments. Our review of the record compels us to find the court of appeal properly reversed the grants of partial summary judgment in this case. The district court issued partial summary judgments in favor of the Collector against each Company “declaring that the [second revised assessments]” in their respective *1077 sums plus penalties and interest as stated in the assessments, “is final and is the executory judgment of this Honorable Court, reserving the Collector its claim for reasonable attorney fees and audit costs to be determined in a subsequent summary proceeding.” However, because we have found the assessments are not final, the Collector was required to support its claims for taxes with evidence. The facts alleged in the Collector’s petitions and attested to by the supporting affidavit were incorrect relative to the adequacy of the notices of assessments and the finality of the assessments, thus they do not constitute a prima facie ease establishing the Companies owe the alleged tax amounts. Further, the Collector did not submit any additional documentation or other evidence to prove or support its tax claims. Under these factual circumstances, the Collector failed to prove the substance of its tax claims, and the district court erred in granting the motions for partial summary judgment. The court of appeal properly reversed these judgments and remanded the matters back to the district court.
Finally, considering our determination that the assessments were not final, we also find the district court erred in prohibiting the Companies from pursuing their | ^defenses and ruling the Companies’ exceptions were moot on that basis. Because this matter will be remanded to the district court for further proceedings, we address the issue of whether the Companies’ defenses were asserted timely. We have already determined that the issue of validity of the notices of assessments was not a defense in this case, but rather an element of the Collector’s claims based on alleged finality of the assessments. In addition to challenging the validity of the notices, the Companies asserted numerous defenses and exceptions in response to the Collector’s original and supplemental petitions. La. R.S. 47:337.61(2) requires all defenses to be “presented at one time” and filed “prior to the time fixed for the hearing;” otherwise, the court is prohibited from considering the defense.
In these cases, the Collector filed its original petitions on September 27, 2010, as summary proceedings to collect taxes brought solely pursuant to local ordinances. The hearing was initially set for November 8, 2010. The Companies filed exceptions and affirmative defenses on October 21, 2010. Because these defenses were asserted prior to the time fixed for the hearing, they were timely asserted. The Collector subsequently filed supplemental petitions on October 4, 2011, referencing for the first time the ULSTC and asserting that the proceedings were brought pursuant to La. R.S. 47:337.61 and La. R.S. 47:337.33. The supplemental petitions also alleged for the first time that the Collector followed the assessment procedures and was entitled to judgments based on the finality of the assessments. A hearing was initially set for November 14, 2011. On November 10, 2011, the Companies filed exceptions and affirmative defenses relative to the supplemental petitions. We also find these exceptions and defenses were timely asserted. Although La. R.S. 47:337.61(2) requires defenses be presented “at one time,” the Collector’s supplemental petitions made new allegations and asserted for the first time claims based on the finality of the | ^assessments. Thus, any exception or defense based on the supplemental petitions could not have been presented at the same time as the originally-filed exceptions and defenses. Because the Companies’ asserted these defenses prior to the scheduled hearing date on the supplemental petitions, we find they were filed timely.[41]
*1078 CONCLUSION
For the reasons set forth herein, we affirm. The court of appeal properly reversed the district court’s grants of partial summary judgment and remanded these matters to the district court for further proceedings.
DECREE
AFFIRMED.

. La. R.S. 47:337.1 et seq.

. Catahoula Parish School Bd. v. Louisiana Machinery Rentals, LLC, 12-443, 12-444 (La.App. 3 Cir. 10/24/12), 105 So.3d 169.

. Catahoula Parish School Bd. v. Louisiana Machinery Rentals, LLC, 12-2504 (La.5/17/13), 118 So.3d 381.

. Washington Parish Sheriff's Office v. Louisiana Machinery Co., LLC, 13-0583 (La.5/17/13), 118 So.3d 382.

. The First Circuit case is resolved in separate opinion issued contemporaneously herewith.

. La. R.S. 47:337.48(B) provides, in pertinent part: "If a return or report made and filed does not correctly compute the liability of the taxpayer, the collector shall cause an audit, investigation, or examination, as provided for by R.S. 47:337.35, to be made to determine the tax, penalty, and interest due. Having determined the amount of tax, penalty, and interest due, the collector shall send by mail a notice to the taxpayer ... setting out his determination and informing the person of his purpose to assess the amount so determined against him after thirty calendar days from the date of the notice.”

. La. R.S. 47:337.49 provides, in pertinent part: "The taxpayer ... within thirty calendar days from the date of the notice provided in R.S. 47:337.48(B), may protest thereto. This protest must be in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the collector’s determination. The collector shall consider the protest, and shall grant a hearing thereon, before making a final determination of tax, penalty, and interest due.”

.This statute was amended by Acts 2010, No. 1003, § 2, effective January 1, 2011. Because the notices of assessments were issued prior to the effective date of the amendment, the pre-2011 version of the statute is relevant. In 2009, La. R.S. 47:337.51 provided, in pertinent part:
A. Having assessed the amount determined to be due, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. If no report has been timely filed, the collec *1068 tor shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with R.S. 47:337.63.
B. If any dealer shall be aggrieved by any findings or assessment of the collector, he may, within thirty days of the receipt of notice of the assessment or finding, file a protest with the collector in writing, signed by himself or his duly authorized agent, which shall be under oath and shall set forth the reason therefor, and may request a hearing. Thereafter, the collector shall grant a hearing to said dealer, if a hearing has been requested, and may make any order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the taxing authority to collect the tax in any manner herein provided. Appeals from the decision of the collector shall be directed to any state, city or federal court of competent jurisdiction. This Section shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of the local ordinance and this Chapter as to the legality of any tax accrued or accruing or the method of enforcement thereof.

. La. R.S. 47:337.33(A)(1) provides: "On motion in a court of competent jurisdiction, the collector may take a rule on a taxpayer, to show cause in not less than two or more than ten days, exclusive of holidays, why the taxpayer should not be ordered to cease from further pursuit of his business for failure to pay to the taxing authority amounts collected from others by his business as sales and use tax, along with any interest, penalty, and costs related to such tax. Such rule may be taken only for amounts due as a result of assessments or judgments which have become final and nonappealable."

. La. R.S. 47:337.61 provides, in pertinent part: "In addition to any other procedure provided in this Chapter or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the taxing authority, or by or on behalf of the collector, for taxes and for the penalties, interest, attorney fees, costs-or other charges due thereon, by preference in all courts, all as follows....”

.La. R.S. 47:337.65 provides: “Except as is specifically provided in the laws regulating building and loan associations, any tax, penalty, interest, attorney fees, or other costs due shall operate as a lien, privilege and mortgage on all of the property of the tax debtor, both movable and immovable, which said lien, privilege and mortgage shall be enforceable in any court of competent jurisdiction in an action, at law, or may be enforced as otherwise provided by this Chapter. The collector may cause notice of such lien, privilege and mortgage to be recorded at any time after the tax becomes due, whether assessed or not, and regardless of whether or not then payable, in *1070 the mortgage records of any parish wherein the collector has reason to believe the tax debtor owns property. The lien, privilege and mortgage created by this Section shall affect third parties only from the date of recordation and shall take their respective ranks by virtue of recordation.”

. La. R.S. 47:337.61(4) provides: "Whenever the pleadings filed on behalf of the taxing authority, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.”

. La. C.C.P. art. 967 provides in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.”

.La. R.S. 47:337.61(2) provides: "All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses, and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.”

. Property Insurance Association of Louisiana v. Theriot, 09-1152 (La.3/16/10), 31 So.3d 1012, 1014.

. Greemon v. City of Bossier City, 10-2828 (La.7/1/11), 65 So.3d 1263, 1267.

. La. C.C.P. art. 966(B).

. Broussard v. Hilcorp Energy Co., 09-0449 (La.10/20/09), 24 So.3d 813, 816.

. Id.

. La. R.S. 47:337.2(A)(l)(b).

. La. R.S. 47:337.33(A)(1).

. Id.

. Lá. R.S. 47:337.33(A)(5).

. La. R.S. 47:337.48-337.60.

. La. R.S. 47:337.61.

. La. R.S. 47:337.45(B).

. Id.

. Id.

. La. R.S. 47:337.48(B).

. La. R.S. 47:337.49.

. La. R.S. 47:337.50.

. La. R.S. 47:337.56.

. See Collector of Revenue v. Frost, 240 La. 1067, 127 So.2d 151, 153 (1961); Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563, 567 (1959).

. Red Stick Studio Development, L.L. C. v. State ex rel. Dept. of Economic Development, 10-0193 (La.1/19/11), 56 So.3d 181, 187 (citing M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371 (La.7/1/08), 998 So.2d 16, 27).

. Sultana Corp. v. Jewelers Mut. Ins. Co., 03-0360 (La.12/3/03) 860 So.2d 1112, 1119; State v. Bedford, 01-2298 (La.1/28/03), 838 So.2d 758, 760.

. La. R.S. 47:301(4) defines- ''dealer,” in part, as "includ[ing] every person who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in a taxing jurisdiction.” "Dealer” is further defined to mean: "(b) Every person who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in the taxing jurisdiction, tangible personal property as defined herein; (d)(i) Any person who leases or rents tangible personal property for a consideration, permitting the .use or possession of the said property without transferring title thereto; (f) Any person, who sells or furnishes any of the services subject to tax under this Chapter; (h) Any person engaging in business in the taxing jurisdiction.”

. La. R.S. 47:2(4) defines a "taxpayer” as "any person liable to pay a tax or file a return under any provision in which the word 'taxpayer' appears, regardless of whether such person has paid any tax or filed the required return.”

. 08-2670 (La.l 1/6/09), 25 So.3d 711, 717 (internal citations removed); see also La. R.S. 1:3.

. See Ortlieb Press v. Mouton, 268 So.2d 85, 89 (La.App. 1 Cir.1972).

. Caldwell Parish School Bd. v. Louisiana Machinery Co., LLC, 12-1383 (La.1/29/13), 110 So.3d 993, 1001.

. Because the issues raised in the Collector’s other assignments of error are not necessary to our resolution of this matter, we pretermit their discussion.'