| COXE PROPERTY MANAGEMENT AND LEASING | * | NO. 2019-CA-0911 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| CITY OF NEW ORLEANS, ET AL. | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-04457, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods,
Judge Tiffany G. Chase)

Stephen N. Chesnut
1413 Chartres Street, Suite A
New Orleans, LA 70116—2057
        COUNSEL FOR PLAINTIFF/APPELLANT

Sunni J. LeBeouf
CITY ATTORNEY
Kimberly K. Smith
Tanya L. Irvin
Assistant City Attorneys
Donesia D. Turner
Senior Chief Deputy City Attorney
Churita H. Hansell
Chief Deputy City Attorney
1300 Perdido Street, Room 5E03
New Orleans, LA 70112
        COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**APRIL 8, 2020**

*RBW*

*TFL*

*TGC*

Appellant operated a business in Orleans Parish. The City of New Orleans conducted an audit and determined that Appellant failed to pay occupational license taxes to the City of New Orleans in the following calendar years: 2015, 2016, 2017, and 2018. The City of New Orleans assessed Appellant and ultimately issued a Warrant of Distraint. Rather than contest the amount or tender payment under protest, Appellant filed a petition for damages, request for a temporary restraining order, and request for writ of mandamus. The trial court denied relief for all of the summary proceedings. It is from this denial that Appellant appeals. For the reasons that follow, we affirm the trial court.

## FACTUAL BACKGROUND

David C. Coxe, a real estate broker, operates Coxe Property Management and Leasing ("Appellant"). Mr. Coxe holds a Mississippi real estate broker's

1

license and a reciprocal interstate agreement that allows him to conduct real estate transactions in both Mississippi and Louisiana. Appellant is a residential management and leasing company that conducted business in Orleans Parish from January 1, 2015 through August 31, 2018. Defendant-Appellee, the City of New Orleans ("the City"), conducted a desk audit during the aforesaid time period to ensure compliance with the City Code's Occupational License Tax. The City's records revealed that Appellant failed to obtain an occupational license for the following years: 2015, 2016, 2017, and 2018. During this time, the City asserts that Appellant failed to register its business and pay occupational license taxes in the amount totaling $23,818.00. Following an audit, the City sent Appellant a Notice of Intent to Assess and a Notice of Assessment; these documents contained information regarding how to contest the assessment. The City also issued a Warrant of Distraint[1] to levy Appellant's financial institution accounts in order to collect the outstanding occupational license taxes. On February 28, 2019, Fidelity Homestead was served with a Notice of Levy and subsequently issued a freeze on Appellant's business and trust accounts.

## PROCEDURAL HISTORY

On April 17, 2019, Appellant filed, in First City Court for the Parish of Orleans, a petition for damages, request for a temporary restraining order, and request for writ of mandamus. On April 24, 2019, at a hearing on a rule to show

---

[1] Pursuant to La. R.S. 47:1569, "[w]hen any taxpayer fails to pay any tax, penalty and interest assessed, as provided in this Sub-title, the collector may proceed to enforce the collection thereof by distraint and sale."

cause on the temporary restraining order, the First City Court, pursuant to La. C.C.P. art. 4847(A)(6), declined to hear the case because it lacked subject matter jurisdiction over matters "in which the state, or a parish, municipal, or other political corporation is a defendant." *Rubin v. Non-Flood Prot. Asset. Mgmt. Auth.*, 2018-0500, p. 4 (La. App. 4 Cir. 11/14/18), 259 So.3d 1228, 1231, *writ denied*, 2018-2055 (La. 2/18/19), 265 So.3d 774. Thereafter, the case was transferred to the Civil District Court for the Parish of Orleans.

Appellant's temporary restraining order was denied and a hearing was scheduled for May 22, 2019, on the remaining summary proceedings, i.e., Appellant's motion for preliminary injunction and writ of mandamus. Subsequent to the hearing, on June 19, 2019, the trial court issued a written judgment stating, in pertinent part the following: "IT IS HEREBY ORDERED ADJUGED AND DECREED that the *Petition for Damages, Request for Issuance of Temporary Restraining Order, and Request for Writ of Mandamus and Intervention* filed by Coxe Property Management is hereby DENIED." It is from this judgment that Appellant now appeals.

## JURISDICTION

Before addressing the substantive matters of the instant appeal, we first "[have] the duty to determine, *sua sponte,* whether our jurisdiction has been properly invoked by a valid final judgment." *Bayer v. Starr Int'l Corp.,* 2017-0257, p. 3 (La. App. 4 Cir. 8/15/17), 226 So.3d 514, 517 (citations omitted). "An appellate court has an independent duty to consider whether it has subject matter

jurisdiction over the matter, even when the issue is not raised by litigants. *Urquhart v. Spencer,* 2015-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (quoting *Moon v. City of New Orleans,* 2015-1092, 2015-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425).

Decretal language necessary for a valid final judgment has three (3) components: (1) it must name the party in favor of whom the ruling is ordered; (2) it must name the party against whom the ruling is ordered; and (3) it must state the specific relief that is granted or denied. *Freeman v. Phillips 66 Company,* 2016-0247, p. 2 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 440 (citations omitted). "In the absence of the necessary decretal language, the judgment is not final and appealable." *Urquhart,* 2015-1354, p. 3, 204 So.3d at 1077.

Although a judgment granting or denying a preliminary injunction is an interlocutory judgment, "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction...." La. C.C.P. art. 3612 (B); *see Smith v. Brumfield,* 2013-1171, p. 5–6 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 74-75; *see also Elysian Fields Church of Christ v. Dillon,* 2008-0989, p. 6 (La. App. 4 Cir. 3/18/09), 7 So.3d 1227, 1231. However, "'[a] final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.'" *Palumbo v. Shapiro,* 2011-0769, p. 5 (La. App. 4 Cir. 12/14/11), 81 So.3d 923, 927, *quoting Input/Output Marine Sys., Inc. v.*

*Wilson Greatbatch, Tech., Inc.,* 2010-477, p. 13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916.

We note that while the June 19, 2019 judgment on the Petition states the name of the party who is being denied relief, it fails to state the party in whose favor relief was granted and what specific relief was being sought. However, these jurisdictional flaws are not fatal. The nature of the specific relief of the district court—denial of the preliminary injunction and writ of mandamus—can be determined from the judgment without reference to an extrinsic source, such as pleadings or reasons for judgment. Moreover, since there are only two parties to this litigation, it is clear as to the party in whose favor the judgment was rendered—the City—and the party against whom relief was denied—Coxe Property Management Leasing. *See Conley v. Plantation Management Co., L.L.C.,* 2012-1510, p. 8 (La. App. 1 Cir. 5/6/13), 117 So.3d 542, 547 (where the Court found that a judgment that did not expressly name the defendant cast in judgment contained sufficient decretal language as there was only one remaining defendant and the final judgment determined the rights of the parties). Thus, based on the aforementioned, we find the judgment contains sufficient decretal language to confer appellate jurisdiction.

## DISCUSSION

On appeal, summarily, Appellant argues that the trial court committed manifest error as follows:

5

(1) Appellant was denied its due process rights when the trial court denied the relief it was seeking;

(2) Appellant's constitutional rights were violated due to unreasonable seizure and forfeiture when its bank accounts were seized pursuant to the Warrant of Distraint filed by the City;

(3) the trial court failed to consider the substantive arguments of Appellant when it denied the preliminary injunction;

(4) the trial court erred when it dismissed Appellant's preliminary injunction and/or writ of mandamus; and

(5) Appellant was subjected to unconstitutional excessive fines.

We will address each of Appellant's assignments in turn.

*Assignment of Error Number 1*

In its first assignment of error, Appellant claims that the actions of the City violated its due process rights. Because Appellant does not make a clear distinction as to which due process rights were violated, we will discuss, briefly, both procedural, as well as substantive rights.

With regard to procedural due process, "[i]t is well-settled that, under the Fourteenth Amendment to the United States Constitution and La. Const. art. I, § 2, deprivation of property by adjudication must be preceded by notice and opportunity to be heard appropriate to the nature of the case." *Cent. Properties v. Fairway Gardenhomes, LLC*, 2016-1855, p. 8 (La. 6/27/17); 225 So.3d 441, 447 (internal citations omitted). Pursuant to La. R.S. 47:337.48(A)(1), in pertinent part,

upon a taxpayer's failure to remit appropriate taxes, the tax "collector shall determine the tax, penalty, and interest due by estimate or otherwise" and then "shall send by mail a notice to the taxpayer . . ." to inform the taxpayer of the purpose and amount of the assessment. In the instant matter, the City complied with the mandates of both procedural due process, as well as the aforesaid statute and provided such notice to Appellant. The City sent Appellant two notices, one was dated November 30, 2018, and the second was dated December 19, 2018.

The second notice sent to Appellant dated December 19, 2018, was entitled, "NOTICE OF ASSESSMENT" and provided, in pertinent part, the following:

> The City Code allows sixty calendar days from the date of this notice for you to pay the amount assessed, to appeal to the Tax Review Committee for re-determination of the assessment or pay the amount assessed under protest and file suit within thirty days. After sixty days this assessment becomes final and may not thereafter be adjusted for any reason and will be collected in its entirety as set forth in the code.

In accordance with procedural due process requirements, Appellant was provided with notice and an opportunity to be heard regarding the Occupational License Taxes owed to the City. Additionally, the City provided Appellant with several options regarding how it could be heard pertaining to the debt it owed. Accordingly, we find that Appellant's assertions regarding its procedural due process rights being violated to be without merit.

We next turn to whether Appellant's substantive due process rights were violated. In order to prove a violation of substantive due process, [Appellant] "must first establish the existence of a constitutionally protected property or liberty

7

interest." *Boudreaux v. Larpenter,* 2011-0410, p. 13 (La. App. 1 Cir. 6/1/12), 110 So.3d 159, 170 (citing *Standard Materials, Inc. v. City of Slidell,* 1996-0684, p. 14 (La. App. 1 Cir. 9/23/1997), 700 So.2d 975, 985-86. "Once that interest has been established, a violation of substantive due process still requires arbitrary and capricious conduct by the governing authority." *Id.* "[G]overnment action comports with substantive due process if the action is rationally related to a legitimate governmental interest." *Id.*

Assuming that Appellant can satisfy the first prong of the test by showing the existence of a constitutionally protected property or liberty interest, Appellant clearly cannot meet the second prong of the test. The Louisiana Supreme Court has explained that "[o]ccupational license taxes are imposed on the *activity* or *privilege* of conducting a business or practicing a profession." *Mire v. City of Lake Charles*, 540 So.2d 950, 952 (La.1989) (emphasis in original). Pursuant to La. R.S. 47:341,[2] parishes and municipalities are authorized to impose occupational license taxes. *Normand v. 1st Lake Realty, Inc.*, 2012-797, p. 4 (La. App. 5 Cir. 5/23/13); 119 So.3d 610, 613. Accordingly, the City's conduct in collecting an occupational license tax from Appellant for the years that it operated a business within the Parish of Orleans is rationally related to a legitimate interest—the privilege of Appellant being able to conduct business with the Parish of Orleans. Based on the aforesaid, we find that the Appellant is unable to sustain a claim that its substantive due process rights were violated.

---

[2] La. R.S. 47:341 provides, in pertinent part, that "[a]ny municipality or parish shall have the right to impose a license tax on any person conducting any business herein…"

Accordingly, this assignment of error is without merit.

***Assignment of Error Number 2***

In its second assignment of error, Appellant asserts that the City's Warrent of Distraint on its bank accounts amounted to an unreasonable seizure and forfeiture of its property in violation of both the United States and Louisiana Constitutions.

In support of its contention, Appellant cites the case of : *Fransen v. City of New Orleans*, 2008-0076 (La. 7/1/08), 988 So.2d 225. However, Appellant's reliance on *Fransen* is misplaced. First, unlike Appellant in the instant case, the plaintiff in *Fransen* paid the presumed taxes owed under protest. Appellant in the instant matter never paid any taxes whatsoever. Second, the plaintiff in *Fransen*, challenged the constitutionality of the ordinance in the district court. Appellant in the instant matter never challenged, in the district court, the constitutionality of the statute, which gives the City the ability to collect and levy the occupational license taxes and fines associated therewith. Accordingly, we will not consider it now because "Louisiana appellate courts and the Supreme Court routinely refuse to consider arguments presented for the first time on appeal." *Wells Fargo Bank v. Washington,* 2019-0392, p. 7 (La. App. 4 Cir. 10/23/19), 282 So.3d 1176, 1180-81 citing, *LHSAA v. State of Louisiana*, 2012-1471, p. 15 n. 13 (La. 1/29/13), 107 So.3d 583, 596; *see also* Rule 1-3, Uniform Rules, Courts of Appeal.

Finally, the issue before the *Fransen* court was the constitutionality of an Ordinance that allowed the City to place delinquent *ad valorem* property taxes on

9

immovables for collection with an attorney or agent and/or that permitted the City to impose penalties for collecting delinquent taxes owed on immovable property; that is not the issue before this Court. Moreover, even if it was, because Appellant never raised the constitutionality of the collection statute before the district court, it cannot now raise, for the first time, the constitutionality of the statute and/or the collections procedures authorized by the statute before this Court.

The Louisiana Supreme Court legitimized the tax assessment and distraint procedure in *Catahoula Par. Sch. Bd. v. Louisiana Mach. Rentals, LLC,* 2012-2504, pp. 10-11 (La. 10/15/13), 124 So.3d 1065, 1072. In *Catahoula Par. Sch. Bd.,* following an audit, the tax collection agency determined that uncollected taxes were due and subsequently sent notices of assessment[3] to which the tax payer neglected to respond. The Louisiana Supreme Court explained that, pursuant to La. R.S. 47:337.45(A), assessment and distraint, in addition to summary proceeding and ordinary suit, is one alternative collection method available to tax collection agencies. *Catahoula Par. Sch. Bd.,* 2012-2504, p. 10, 124 So.3d at 1072. In

---

[3] **NOTICE:** As provided in LA R.S. 47:337.51 B, if you wish to protest, you have thirty (30) days from the date hereof to file with this office a written protest, signed by you or your duly authorized agent, which shall be under oath, fully disclosing the reasons therefor, and request a hearing.
If you do not timely file a written protest and request a hearing, you have sixty (60) calendar days from the date hereof to:
1) Pay the amount set forth herein above,
2) Pay the total amount set forth herein above under protest as provided in LA R.S. 47:337.63 and file suit for recovery within thirty (30) days of payment, or
3) Within thirty (30) days of receipt of this Notice of Assessment, file suit in any state court of competent jurisdiction contesting the final assessment, and in connection therewith, post a commercial bond or other security as provided in LA R.S. 47:337.64 in accordance with the procedures set forth therein.
**Do not disregard this notice, failure to act within the time or manner provided will result in the assessment becoming final and enforceable by warrant for distraint. Additional penalties, interest and collection fees may be assessed at that time.**

response, tax payers, pursuant to La. R.S. 47:337.63 may proceed under the payment under protest procedure. *Id*.

Accordingly, in the instant matter, the City conducted an audit, determined the amount due by Appellant, and sent notices of assessment to Appellant. Appellant both failed to pay the taxes owed and did not, pursuant to La. R.S. 47:337.51, pay the amount under protest. Thereafter, the City enforced the collection of the uncollected assessment through a warrant of distraint. Thus, we find Appellant's argument regarding this assignment of error to be without merit.

### *Assignment of Error Number 3*

In Appellant's third assignment of error it contends that the trial court committed manifest error by not considering its substantive arguments beyond the scope of the temporary restraining order and subsequent injunction. Contrary to Appellant's assertion, it is clear from a review of the transcript from the hearing that gave rise to the June 19, 2019 judgment, that the district court did, in fact, consider the merits of Appellant's substantive arguments. The trial court simply did not agree with Appellant's assertions.

Moreover, if Appellant believes that in the June 19, 2019 judgment, the district court did not address some of Appellant's substantive arguments/claims, then in accordance with our jurisprudence, said arguments/claims are deemed denied. *See e.g., Rhone v. Boh Bros.,* 2001-0270, p. 5 (La. App. 4 Cir. 12/12/01), 804 So.2d 764, 768 citing *Succession of Lane, 1*995-0558 (La. App. 4 Cir.

11

9/28/95), 662 So.2d 82 ("[W]hen a judgment is silent as to part of relief requested by a claimant the judgment is deemed to have denied that relief.")

Appellant only generalizes that the district court did not address its substantive arguments, but does not particularize to what arguments it is referring. Thus, on this basis alone, we are justified in affirming the judgment of the district court because Appellant has not by brief nor argument set forth the specific grounds of complaint for this assignment of error. *See Barber Asphalt Pav. Co. v. New Orleans & C.R. Co.,* 49 La.Ann. 1608, 1610, 22 So. 955 (La. 1897), citing *Freyhan v. Berry,* 49 La.Ann. 305 at 306, 21 So. 911 (La. 1897).

Thus, based on the aforementioned, we find this assignment of error to be without merit.

### Assignment of Error Number 4

In Appellant's fourth assignment of error, it argues that the trial court erred when it dismissed its extraordinary and injunctive relief, without affording Appellant a full trial after discovery and pre-trial motions.

First, pursuant to La. C.C.P. art. 3861, "[m]andamus is a writ directing a public officer, a corporation or an officer thereof, or a limited liability company or a member or manager thereof, to perform any of the duties set forth in Articles 3863 and 3864."[4] This Court explained that "[a] writ of mandamus must be used

---

[4] This Court, in *Reg'l Transit Auth. v. Kahn*, explained that

> a writ of mandamus is appropriate only if the court finds the following elements: (1) public officer has refused to perform a ministerial duty, which is clearly provided by law, and (2) mandamus is the only available remedy or the delay caused by use of any other remedy would cause injustice.

sparingly, as it is an extraordinary remedy." *Chaisson v. State, Dep't of Health & Hosps. through Registrar of Vital Records*, 2017-0642, p. 5 (La. App. 4 Cir. 3/7/18); 239 So.3d 1074, 1078, *writ denied*, 2018-00540 (La. 5/25/18), 243 So.3d 567. Further, "[t]he denial of a request for a writ of mandamus is likewise an appealable judgment." *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.*, 2016-0566, p. 2 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1032. On appeal, "a district court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review." *St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Constr. Co., Inc.*, 2016-0907, p. 4 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, 10.

Second, this Court, in *Radiofone, Inc. v. City of New Orleans*, explained that "injunctive relief is no longer a permissive remedy for failure to pay an occupational license tax." 615 So.2d 1067, 1070 (La. App. 4th Cir. 1993). "Injunctive relief is an equitable remedy, which is ordinarily only available when a party has not adequate legal remedy." *Faubourg Marigny Improvement Association, Inc. v. City of New Orleans,* 2015-1308, p. 12 (La. App. 4 Cir. 5/25/16), 195 So.3d 606, 615. "To prevail in the district court on a petition for preliminary injunction, the petitioner is required to establish by *prima facie* evidence that: (1) he will suffer irreparable injury, loss, or damage if the motion for preliminary injunction is not granted; and (2) he is entitled to a preliminary injunction through at least a showing that he will likely prevail on the merits of the

---

1999-2015, p. 6 (La. App. 4 Cir. 8/26/99), 742 So.2d 960, 964.

13

case." *Id.* citing *General Motors Acceptance Corp. v. Daniels,* 377 So.2d 346, 348 (La. 1979).

In the instant case, the City argues that Appellant is unable to prove the elements necessary to obtain a writ of mandamus. The City further argues that Appellant's attempt to obtain a writ of mandamus is an effort to thwart the City's tax collection process. Instead, the City contends that Appellant should have availed itself of the legally recognized protest procedures as set forth via statute as well as jurisprudentially.

Appellant argues that it holds a privilege tax license from Bay St. Louis, Mississippi, which is the functional equivalent of an operating license in New Orleans, Louisiana. Appellant further argues that because its business does not involve the direct sale of any goods or services,[5] it does not collect, transfer, or owe sales tax to the City.

Appellant asserts that he responded, via email, to the City's Notice of Assessment, and provided that it is not required to have an occupational license because it works from its home in Mississippi and has no employees. Notwithstanding its email, the City levied Appellant's bank accounts.

Thus, Appellant sought a writ of mandamus to lift the warrant of distraint for the collection of unpaid occupational license taxes. Prior to the issuance of the warrant of distraint, Appellant failed to pay under protest or follow the proper directives to appeal the amount owed.

---

[5] Appellant explains that it assists real estate owners with the management, sale, and leasing of properties; in return, it earns a commission on each transaction.

In light of the aforementioned, we find that Appellant improperly employed the mandamus proceedings. Likewise, with regard to the preliminary injunction, at the hearing on held on May 22, 2019, Appellant could not demonstrate to the district court that it would likely prevail on the merits of the case because it admitted that it had not paid (under protest) any of the taxes owed and did not follow any other procedure outlined by the statute for properly contesting the taxes. Thus, Appellant did not properly preserve its right to protest the taxes owed.

Accordingly, the trial court was correct in denying the writ of mandamus and was likewise correct in denying the preliminary injunction sought by Appellant. The district court did indicate at the hearing that the Petition for Damages would proceed via ordinary process. Thus, this assignment of error is without merit.

### Assignment of Error Number 5

In Appellant's final assignment of error, it claims that the trial court committed error in not finding that under the Eighth Amendment to the United Constitution it was subjected to excessive fines by the City.

We agree with the conclusion of our learned colleagues at the Fifth Circuit in the case of *Murray v. Windmann,* 2018-530, p. 15 (La. App. 5 Cir. 5/29/19), 274 So.3d. 787, 797 wherein it held that "the protection from cruel and unusual punishment [or excessive fines under the Eighth Amendment to the United States Constitution claims], arise only under certain circumstances, typically involving criminal convictions and do not govern or apply to civil cases" such as what is

being presented in the instant case. Accordingly, we find this assignment of error to be without merit.

## <u>DECREE</u>

For the aforementioned reasons, we affirm the trial court.

**AFFIRMED**