# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2023

Lyle W. Cayce
Clerk

No. 22-30367

Hugo Sanchez De La Rosa,

*Plaintiff—Appellant*,

*versus*

Elaine K. King; Owners Insurance Company, *improperly named* Auto-Owners Insurance Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-164

Before Stewart, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Hugo Sanchez De La Rosa ("Sanchez De La Rosa")[1] and Elaine K. King ("King") were involved in a car collision in St. Tammany Parish, Louisiana, on January 22, 2020. On January 25, 2021, three days after Louisiana state law's one-year prescriptive period expired, Sanchez De La

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] We note that there are variations throughout the record on the way Appellant's name is spelled, and we adopt the form used in his First Amended Complaint.

No. 22-30367

Rosa filed a diversity suit in federal district court. King moved to dismiss Sanchez De La Rosa's claim as untimely, and the district court granted her motion. Because Sanchez De La Rosa has failed to show that the prescriptive period for filing his delictual action was extended by an order of the Governor of Louisiana, we AFFIRM.

## I.   BACKGROUND

On March 11, 2020, Governor John Bel Edwards signed Proclamation Number 25 JBE 2020 ("JBE 2020-25") to address the disruptions caused by the ongoing public health emergency, COVID-19. The Governor's authority to sign the proclamation originated from the Louisiana Homeland Security and Emergency Assistance Disaster Act.[2] The proclamation did not specifically extend liberative prescription deadlines, so on March 16, 2020, the Governor supplemented JBE 2020-25 with JBE 2020-30 titled "Additional Measures for COVID-19 Public Health Emergency." JBE 2020-30 suspended "[l]egal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings in all courts" until April 13, 2020. The Governor then signed a series of subsequent proclamations extending this suspension, and the state legislature eventually passed a statute to regulate the suspension of prescriptive periods during the pandemic:

> All deadlines in legal proceedings that were suspended by Proclamation Number JBE 2020–30 and any extensions thereof shall be subject to a limited suspension or extension until July 6, 2020; *however, the suspension or extension of these deadlines shall be limited and shall apply only if these deadlines would have otherwise expired during the time period of March 17, 2020, through July 5, 2020.* The right to file a pleading or motion to enforce any

---

[2] Proclamation Number JBE 2020-30 (Mar. 16, 2020) (citing La. R.S. 29:721, *et seq.*); *State v. Spell*, 2021-00876, p.4 (La. 5/13/22); 339 So. 3d 1125, 1130.

No. 22-30367

deadline in legal proceedings which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

LA. STAT. ANN. § 9:5830 (emphasis added). Similarly, and specific to prescription:

All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; however, the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020. The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

La. Stat. Ann. § 9:5829(A). King filed a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6), and Sanchez De La Rosa filed an opposition. The district court granted King's motion and dismissed Sanchez De La Rosa's claim with prejudice. This appeal ensued.

## II.   STANDARD OF REVIEW

This court reviews a 12(b)(6) ruling de novo. *Frank v. Delta Airlines Inc.*, 314 F.3d 195, 197 (5th Cir. 2002). We must construe the complaint in a light most favorable to the appellant and assume the truth of all pleaded facts. *Id.* We may apply state substantive law to adjudicate actions based in diversity jurisdiction. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The parties do not dispute that Louisiana law applies in these proceedings.

## III.   DISCUSSION

On appeal, Sanchez De La Rosa argues that his suit in this case was timely because the Governor's proclamations suspended the prescriptive

period for filing his delictual action for ten days during the relevant period of time.  In support of his position, he reasons that JBE 2020–25 differs from and supersedes the Louisiana State Legislature's statute. He argues that when the Governor issued a revised emergency order asserting that liberative prescriptive deadlines would be suspended for ten days through July 5, 2020, the order also suspended *all* prescriptive periods—including those applicable to his claim—and his filing was therefore timely.

Sanchez De La Rosa also relies on Louisiana Civil Code article 3472 for support asserting that "[t]he period of suspension is not counted toward [the] accrual of prescription. Prescription commences to run again upon the termination of the period of suspension." *See* LA. CIV. CODE art. 3472. According to Sanchez De La Rosa, even though his claim falls outside the clearly defined timeframe of the original proclamation, JBE 2020-30, codified as LA. STAT. ANN. §§ 9:5828-5830., the ten-day extension should have equally applied to his claim.  We disagree.

In interpreting a Louisiana state statute, "[w]hen a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written." LA. CIV. CODE ANN. art. 9. The Louisiana Supreme Court "has repeatedly [held] that, as a general rule of statutory interpretation, a specific statute controls over a broader, more general statute." *Catahoula Par. Sch. Bd. v. La. Mach. Rentals, LLC*, 2012-2504, p. 3 (La. 10/15/13); 124 So. 3d 1065, 1079.  Moreover, in *LeBreton*, the Louisiana Supreme Court clarified that courts faced with a "specific statutory provision [that provides] for the suspension of prescription" in a specific context, must apply that statute "alone, [and] not complementary to the more general codal article which addresses interruption of prescription." *LeBreton v. Rabito*, 97-2221, p. 2 (La. 7/8/98); 714 So. 2d 1226, 1227 (overruling precedent in the medical malpractice context that permitted courts to rely on the general principles of suspension and interruption in

articles 3472 and 3466 in place of the specific suspension provisions in the Medical Malpractice Act.); s*ee also* La. Civ. Code art. 3472. In addition, statutory guidance from the Louisiana State Legislature prevails over the Governor's COVID-19 proclamations when the two conflict. *See* La. Stat. Ann. § 9:5828(B) (emphasis added) ("The action of the governor of this state in issuing Proclamation Number JBE 2020-30 and any extensions thereof are hereby approved, ratified, and confirmed *subject to the provisions of this Part*."); *cf. Rizzo v. La. Off. of Alcohol & Tobacco Control*, 21-304, pp. 12-17 (La. App. 5 Cir. 8/5/22), 347 So. 3d 1131, 1141-44 (holding the governor's proclamations could not establish criminal penalties beyond those established by the Legislature).

Here, to the extent that the Governor's order—which was derived from the generalized emergency powers found in the Louisiana Homeland Security and Emergency Assistance Disaster Act—may conflict with a more specific statute passed to administer prescriptive periods during the COVID-19 emergency, such as JBE 2020–30 codified as La. Stat. Ann. §§ 9:5828-5830, the statute governs. *See LeBreton*, 97-2221, at pp. 5-7; 714 So. 2d at 1228–29 (reasoning that statutes dealing with the same subject matter "should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character"). Because the Governor's order could not have displaced the statute to suspend the prescriptive period for Sanchez De La Rosa's claim, we hold that his suit filed after Louisiana's one-year deadline is untimely, and his claims are prescribed. *See Id*; *see also Simon v. Kan. City S. Ry. Co.*, No. 21-03800, 2022 WL 2421121, at *3 (W.D. La. Mar. 10, 2022) (granting motion to dismiss for untimely filing on grounds that "the plain language of the statute makes it clear that only prescriptive periods that expired between March 17 and July 5, 2020, were suspended or extended").

No. 22-30367

## IV.  CONCLUSION

The judgment of the district court is AFFIRMED.