PETTIGREW, J.
|2The defendant, the City of Gonzales (the City), appeals a January 3, 2013 judgment granting a writ of mandamus. The mandamus compels the City to pay a contract balance of $51,200.00, previously adjudged by the trial court (and affirmed by this court) to be due and owing to the plaintiff, Quality Design and Construction, Inc. (QDC). QDC also appeals that judgment, assigning error to the court’s failure to include an order compelling the City additionally to pay interest on the amount owed and due.
PROCEDURAL BACKGROUND
Prior Litigation
Prior to the mandamus underlying this appeal, this matter was litigated regarding QDC’s right to collect a money judgment *569 from the City for the unpaid balance on a public works construction project (a municipal water park for children), for which QDC was the successful low bidder. The trial court rendered judgment on March 9, 2006, against the City, awarding QDC the amount retained, $54,000.00, subject to a deduction for the liquidated damages of a 14-day overrun of the project, in the amount of $2,800.00, for a total judgment of $51,200.00, together with all costs. The trial court denied QDC’s claim for attorney’s fees. In written reasons for that judgment, the trial court stated that any future work authorized by the City to remedy or repair defective products or workmanship would be considered warranty work, which was not and would not be covered by that March 9, 2006 judgment. The trial court further found the City’s claim to recover amounts it had yet to expend for warranty work constituted a separate action, and the trial court expressly reserved the City’s right to pursue such warranty claims.
In an opinion rendered on November 28, 2007, this court affirmed the portion of the trial court’s judgment finding that QDC was entitled to payment of the contract balance in the total amount of $51,200.00. This court reversed that part of the trial court’s judgment that denied QDC’s claim for attorney’s fees, remanding the matter to the trial court for a determination of the appropriate award for attorney’s fees. Finally, this court also amended the trial court’s judgment to include legal interest on the award of $54,000.00 from July 30, 2004 (the date of judicial demand) to the date of substantial | ^completion of the contract. Quality Design and Construction, Inc. v. City of Gonzales, 2006-2211 (La.App.l Cir. 11/28/07), 977 So.2d 87. Neither party sought review of that judgment; thus, it became final.
Current Litigation
On October 26, 2012, QDC filed a Petition for Alternative Writ of Mandamus, alleging that notwithstanding the trial court’s judgment, having been largely affirmed by this court and rendered final, no amount whatsoever had been paid by the City to QDC. Relying on La. R.S. 38:2191(D), QDC sought to enforce the payment of the contract balance by writ of mandamus compelling the payment of the sums due, together with attorney’s fees, legal interest, and costs.
After a hearing, the trial court, finding as. a matter of law that mandamus lies to compel payment of the contract balance, rendered judgment on January 3, 2013, granting the writ of mandamus, making it peremptory, and ordering Barney Arcen-eaux, in his capacity as Mayor of the City of Gonzales, to pay QDC the sum of $51,200.00.
As noted earlier, both parties have appealed.
THE CITY’S APPEAL
As appellant, the City asserts that mandamus is not an appropriate remedy pursuant to La. R.S. 38:2191(D), since the substantial majority of the funds budgeted for the construction of the project have been exhausted, through payments to QDC as well as payments to subsequent contractors and suppliers, hired to correct and/or complete the scope of QDC’s work. The City further asserts that mandamus is also not an appropriate remedy pursuant to that same statute because QDC failed to prove that the City is withholding payment “arbitrarily and without reasonable cause” as required by the statute. Thus, the City maintains the trial court erred in granting mandamus.
STANDARD OF REVIEW
As revealed below, the City’s appeal requires us to interpret a Louisiana statute *570 relative to the enforcement of a money judgment against a political subdivision of the state. Because the proper interpretation of a statute is necessarily a question of law, 14we apply a de novo standard of review. Newman Marchive Partnership, Inc. v. City of Shreveport, 2007-1890, p. 3 (La.4/8/08), 979 So.2d 1262, 1265.
APPLICABLE LAW
The payments for public contracts are governed by Louisiana Revised Statutes Title 38, Chapter 10. Specifically, La. R.S. 38:2191, on which QDC’s arguments rely, provides as follows:
A. All public entities shall promptly pay all obligations arising under public contracts when the obligations become due and payable under the contract. All progressive stage payments and final payments shall be paid when they respectively become due and payable under the contract.
B. Any public entity failing to make any final payments after formal final acceptance and within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorney fees.
C. The provisions of this Section shall not be subject to waiver by contract.
D. Any public entity failing to make any progressive stage payments arbitrarily or without reasonable cause, or any final payment when due as provided in this Section, shall be subject to mandamus to compel the payment of the sums due under the contract up to the amount of the appropriation made for the award and execution of the contract.
(Emphasis added.)
The issuance of mandamus generally is governed by La. C.C.P. art. 3862, which provides:
A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; provided, however, that no court shall issue or cause to be issued a writ of mandamus to compel the expenditure of state funds by any state department, board or agency, or any officer, administrator or head thereof, or any officer of the state of Louisiana, in any suit or action involving the expenditure of public funds under any statute or law of this state, when the director of such department, board or agency, Or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature,
Because the City’s arguments present a question of the proper interpretation of La. R.S. 38:2191(D), the following principles of statutory interpretation are relevant and applicable herein. The function of statutory interpretation and the construction to be given to legislative acts rests with the judiciary. Livingston Parish Council on Aging v. Graves, 2012-0232, p. 3 (La.12/4/12), 105 So.3d 683, 685. The fundamental [ r,question in all cases of statutory interpretation is legislative intent and the ascertainment of the reason or reasons that prompted the legislature to enact the law. In re: Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1128. The rules of statutory construction are designed to ascertain and enforce the intent of the legislature. Id.; Stogner v. Stogner, 98-3044, p. 5 (La.7/7/99), 739 So.2d 762, 766. Legislation is the solemn expression of legislative will, and therefore, interpretation of a law involves primarily a search for the legisla *571 ture’s intent. La. R.S, 1:4; La. C.C. art. 2; Lockett v. State, Dept. of Transp. and Development, 2003-1767, p. 3 (La.2/25/04), 869 So.2d 87, 90 (overturned, on other grounds, due to Legislative Action, La. R.S. 13:5106). Moreover, the legislature is presumed to act with full knowledge of well-settled principles of statutory construction. Catahoula Parish School Bd. v. Louisiana Machinery Rentals, LLC, 2012-2504, p. 13 (La.10/15/13), 124 So.3d 1065, 1073. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; Lockett, 2003-1767 at 3, 869 So.2d at 90-91; Conerly v. State, 97-0871, pp. 3-4 (La.7/8/98), 714 So.2d 709, 710-11.
DISCUSSION/ANALYSIS
Briefly, the undisputed facts regarding the underlying public works contract at issue herein are as follows: In late 2003, the City budgeted and appropriated a sum of money for the construction of a public works project — a children’s “Spray-ground” and other improvements to the public recreational facility, Jambalaya Park, in Gonzales. The City advertised for bids, and QDC, the lowest bidder, entered into a contract with the City for the initial price of $390,633.00, which was increased by written change orders approved by the City to the sum of $407,487.24.
The City and its project engineer executed and recorded a certifícate of substantial completion verifying that the project was substantially complete as of July 30, 2004. Notwithstanding, the City refused to tender full payment to QDC, based on alleged outstanding warranty and defect claims. This litigation ensued.
| ,;The City, first, maintains that the trial court erred in granting mandamus pursuant to La. R.S. 38:2191(D), urging that a substantial majority of the funds budgeted for the construction of the Sprayground has been exhausted through payments to QDC and payments to subsequent contractors and suppliers hired to correct and/or complete the scope of QDC’s work. The statute authorizes mandamus to compel payment “up to the amount of the appropriation made for the award and execution of the contract.” La. R.S, 38:2191(D). Thus, the real issue before us is whether the City’s payments to these other contractors and suppliers can have the lawful effect of diminishing that amount upon application of the statute’s mandate.
The City argues that execution of the contract, as used in the statute, refers to the satisfactory completion of the Spray-ground and not to its individual contract with QDC.
The City further maintains that mandamus is not proper pursuant to the statute because it requires the City’s withholding of final payment to be “arbitrary and without reasonable cause.” The City asserts that its withholding of the payment was “due to [its] pending warranty/defect claims” against QDC rendering its action reasonable and, therefore, outside the scope of the statute’s mandate. Moreover, the City argues that, “given the high likelihood of set off,” those claims must be decided before the City can be compelled by mandamus, pursuant to La. R.S. 39:2191(D), to pay the judgment. The City adds that the original judgment “was predicated on a preservation of the City’s right to pursue its warranty/defect claims,” preventing said judgment from becoming due and payable until those claims are resolved.
The City also claims mandamus is improper because QDC has failed to carry its *572 alleged burden under the statute to submit evidence proving the existence of appropriated funds remaining within the City’s budget from which the recovery can be had. (Admittedly, only $4,389.00 remains, as the rest of the appropriated funds have been exhausted by payments to subsequent contractors hired to remedy QDC’s alleged inadequate completion of the project.)
Finally, the City maintains mandamus is improper in light of QDC’s failure to prove any injustice caused by a delay in obtaining ordinary relief, as required by La. C.C.P. |73862, The City claims ordinary relief can be had by resolving its pending litigation for warranty/defect claims and determining the amount of set off, if any, prior to being compelled to pay the judgment.
We find the City’s argument — that the statute applies to funds appropriated to the “project,” which would include all funds paid to all other contractors subsequently hired, rather than to the “contract” and the contractor to whom the project was awarded — wholly lacks merit. The statute specifically and unambiguously refers to appropriation “made for the award and execution of the contract.” (Emphasis added.) Had the legislature meant amounts appropriated for the whole project, it would have used that language, and left out the word “award,” because the “awarding” of the contract is only to one entity. Indeed, by referring to the, appropriation made for the award and execution of the contract, the statute promotes the legislative intent, to provide for the prompt payment to contractors awarded public works contracts. Paragraph C of the statute prohibits waiver of the statutory provisions by contract, further supporting the lack of legislative intent to leave payment of these contracts to the discretion of the City in any way.
Additionally, the City cites no authority for its untenable proposition that availability of the mandamus relief in La. R.S. 38:2191(D) is conditioned on appropriated funds remaining available. The statute does not refer to appropriated funds remaining available; rather, it clearly states appropriation “for the award and execution of the contract.” The fact that the City has spent those appropriated funds on other contracts in violation of the statute’s mandate, alone, supports a finding that its nonpayment of the contract balance warrants mandamus relief.
Further, we find no merit to the City’s argument that its withholding payment of the judgment is reasonable in light of its pending suit against QDC for warranty work and defective products. As specifically ordered by the trial court, those claims encompass an entirely different and separate lawsuit. The execution of the final judgment rendered in this matter, finding the City liable for the remaining unpaid balance of the contract, does not hinge on the outcome of that separate lawsuit. And, pursuant to the mandate of La. |8R.S. 38:2191(D), mandamus is the appropriate and proper remedy by which QDC can execute that judgment.
Therefore, we affirm the judgment of. the trial court, granting mandamus, and compelling the City to pay QDC the contract balance of $51,200.00.
QDC’S APPEAL
QDC appeals that portion of the judgment that fails to include an award of interest in addition to the sums ordered to be paid by the mandamus grant. It points out that in the earlier litigation over the balance owed, the trial court failed to award interest and attorney’s fees, but that on appeal of that judgment, this court amended the trial court’s judgment, find *573 ing it erred in failing to award interest and attorney’s fees, and awarded such. Specifically, this court awarded interest due on the sum of $51, 200, 00 from the date of substantial completion of the contract, July 30, 2004. (As earlier noted, the record reveals that the City and its project engineer executed a certifícate of substantial completion verifying that the project was substantially complete as of July 30, 2004, and that said certifícate was recorded in the mortgage records of Ascension Parish.) The City did not appeal that judgment, and though it became final, no payments were made to QDC, resulting in the matter before us.
QDC maintains that an award of interest is within the mandatory scope of La. R.S. 38:2191(D) because it is part of the “sums due under the contract,” and therefore, the trial court erred in not including an award of interest in the mandamus order.
The grant of judicial interest is governed by La. C.C.P. art. 1921, which states that “[t]he court shall award interest in the judgment as prayed for or as provided by law.” (Emphasis added.) Since the word “shall” in La. C.C.P. art. 1921 is mandatory, the court lacks discretion to deny interest if interest is prayed for or provided for by law. La. R.S. 1:3; Bickham v. Bickham, 2002-1307, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 707, 710-11. Under Louisiana law, debts bear interest from the due date. Louisiana Civil Code article 2000 provides “[w]hen the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due-” (Emphasis added.)
9In C.R. Humphreys General Contractor, Inc. v. Tangipahoa Parish School System, 2007-0993, pp. 16-17 (La.App. 1 Cir. 12/21/07), 2007 WL 4480064, at *9 (unpublished opinion), writ denied, 2008-0166 (La.3/14/08), 977 So.2d 934, the contractor for a public works project appealed the trial court’s failure to award interest when it found the Tangipahoa Parish School System owed it the balance of a contract pursuant to La. R.S. 38:2191. This court found the contractor was entitled to interest on the contract sum awarded from the date of its final pay request. This court cited Thomas B. Catchings and Associates v. City of Baton Rouge, 621 So.2d 767 (La.1993), where the supreme court found that plaintiffs were entitled to legal interest on the amount owed them under a public works contract from the date of default, which again, in this case, would support such an award from the date of the execution of the certificate of substantial completion,
The only argument presented by the City to contradict QDC’s assertion of entitlement to an award of interest is a re-urging of its argument in opposition to the mandamus grant, that the statute applies only to appropriated funds still unspent and available for distribution. For the reasons we found this argument had no merit as it relates to the grant of mandamus, we likewise find it lacks merits insofar as QDC’s entitlement to interest on the amount awarded via mandamus.
Accordingly, we grant QDC’s appeal, and amend the judgment of the trial court granting the writ of mandamus to include an award of interest owed to QDC by the City of Gonzales on the amount of the judgment, $51,200.00, from July 30, 2004, until paid.
CONCLUSION
For the foregoing reasons, the January 3, 2013 judgment of the trial court granting the writ of mandamus is amended to include an award of interest on the total amount due from the date of July 30, 2004, until paid, and as amended, it is affirmed. Costs of this appeal in the amount of *574 $2,386.50 are assessed against the City of Gonzales.
AMENDED, AND AS AMENDED, AFFIRMED.
GUIDRY J., dissents in part and assigns reasons.
McCLENDON J. dissents in part and adopts the reasons assigned by Judge GUIDRY.